UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BURNIS PULLEY, )<br>)<br>      Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>      Respondent. ) | Cause No. 2:13CV257-PPS<br>Arising from 2:04CR12-PPS |

## OPINION AND ORDER

On February 18, 2005, defendant Burnis Pulley pled guilty to the offense of felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), 924(a)(2), and 924(e)(1). [DE 22.] Finding that Pulley's prior crimes triggered an enhanced sentence under the Armed Career Criminal Act, I sentenced Pulley to a prison term of 200 months on November 15, 2005. [DE 30, 31.] The sentence was affirmed on direct appeal in June 2006. [DE 42.] Pulley attempted a second appeal in August 2008 [DE 43], but that appeal was dismissed for lack of jurisdiction in January 2009 [DE 46]. Pulley has now filed a motion for relief invoking 28 U.S.C. §2255(f)(3).

A motion under §2255 seeks to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack." In most cases, a motion to vacate must be filed within one year of the date on which the judgment of conviction becomes final. *See* §2255(f)(1). In Pulley's case, the most generous possible interpretation of that time period would run from the denial of his second appeal in 2009, and the filing of the current motion in 2013 would be years too late.

The provision Pulley cites, §2255(f)(3), addresses how he hopes to avoid the conclusion that §2255's one-year period of limitation is fatal to his motion. Under subsection (f)(3), the period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Pulley makes two arguments relying on Supreme Court decisions issued in 2013.

The first argument is that certain of his priors convictions did not constitute predicate offenses for purposes of the Armed Career Criminal enhancement. For this he relies on *Descamps v. United States*, 133 S.Ct. 2276 (2013), in which the Supreme Court addressed how ACCA predicate offenses are to be determined. The ACCA requires a sentence of at least 15 years' imprisonment for a felon in possession of a firearm offense when the defendant has three previous convictions "for a violent felony or a serious drug offense." 18 U.S.C. §924(e)(1). Determining whether particular prior offenses meet the definition of "violent felony" has been a messy business for the federal courts.

A felony can fall in this category either because it "has as an element the use, attempted use, or threatened use of physical force against the person of another"

2

[§924(e)(2)(B)(I)] or because it "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another" [§924(e)(2)(B)(ii)]. When I sentenced Pulley in November 2005, I decided that his 1989 convictions for residential burglary, aggravated battery and robbery all qualified. [DE 35 at 25.] Pulley now contends that under *Descamps* his residential burglary and robbery offenses are not "violent felonies" under the ACCA.

The government's first response is that the argument is time-barred by §2255's one-year limitation period. For the June 2013 *Descamps* decision to revive the one-year period for Pulley, *Descamps* must "newly recognize" the right that would support relief, and that right has to have been "made retroactively applicable to cases on collateral review." 28 U.S.C. §2255(f)(3). Pulley does not offer any argument that *Descamps* provides a new rule of constitutional law, or even if it did, that the Supreme Court has made the new right retroactive to cases on collateral review.

To the contrary, in *Descamps* Justice Kagan explains that the Court's prior caselaw "all but resolves this case," a fairly clear indication that the decision breaks no new ground. *Descamps*, 133 S.Ct. at 2283. The decision primarily explains how the Ninth Circuit Court of Appeals misapplied the Supreme Court's previous teaching on how to determine what counts as an ACCA predicate offense. Besides a lack of discussion of constitutional principles, the word "retroactive" does not appear in *Descamps*. The *Descamps* case does not revive the one-year limitations period of §2255. *See Baker v. Zych*, 2014 WL 1875114 at *2 (W.D.Va. May 9, 2014) [collecting decisions

finding that *Descamps* is not retroactive on collateral review]; *Valencia-Mazariegos v. United States*, 2014 WL 1767706 at *3 (W.D.Tex. May 1, 2014) ["the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying *Descamps* retroactively to cases on collateral review"]. Pulley's argument about his predicate violent felonies is barred as untimely under §2255.

In any event, the argument would not succeed on its merits, either. *Descamps* addresses what portions of the record of a prior conviction can be considered in determining whether the conviction qualifies under the ACCA, in situations where the statutory definition of the offense is "divisible," meaning that it creates multiple ways of committing a crime, only some of which would qualify under the ACCA. But that kind of circumstance was not presented by Pulley's burglary and robbery convictions.

Pulley's 1989 residential burglary conviction was under an Illinois statute defining a "generic" burglary involving unlawful entry into a dwelling with the intent to commit a theft. [DE 50-1 at 4.] That offense clearly qualifies as an enumerated "violent felony" under §924(e)(2)(B)(ii). *United States v. King*, 62 F.3d 891, 896 (7th Cir. 1995). Pulley's 1989 robbery conviction for taking a leather jacket from another person "by use of force and by threatening the imminent use of force" was also charged under a generic statutory definition of robbery that clearly qualifies as an ACCA violent felony under §924(e)(2)(B)(I). [DE 50-3 at 4.] *See United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990). Nothing about *Descamps* changes these determinations because the statutes

4

defining Pulley's burglary and robbery convictions are "indivisible" ones that don't give rise to any ambiguity about their qualification as ACCA predicates.

Pulley's second argument is that my determinations about his prior offenses triggering the higher mandatory minimum sentence under the ACCA ran afoul of the United States Supreme Court's recent decision in *United States v. Alleyne*, 133 S.Ct. 2151 (2013). In *Alleyne*, the majority held that facts that trigger a mandatory minimum sentence must be found by a jury beyond a reasonable doubt, rather than determined by the sentencing judge. "[T]he essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Id*. at 2162.

Unfortunately for Pulley, a footnote in *Alleyne* identifies "a narrow exception to this general rule for the fact of a prior conviction," which the Supreme Court has still not held must be proved to a jury. *Id*. at 2160, n.1. This exception is rooted in the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which "even if [it] seems inconsistent with the Supreme Court's recent sentencing jurisprudence" has not been overruled and remains binding on the federal courts. *United States v. Long*, ___ F.3d ___, 2014 WL 1288061 at *5 (7th Cir. April 1, 2014). As the Seventh Circuit's recent decision in *Long* makes clear, Pulley is just plain wrong when he boldly asserts that "Almendorez-torrez (*sic*) is no longer controlling circuit law." [DE 48 at 5.] As in *Long*, "the enhanced mandatory minimum was properly applied

5

even though the fact of the prior convictions was never submitted to the jury." *Id*. The holding of *Alleyne* does not apply to prior convictions.

Even if it did, the principles of *Alleyne* cannot be applied to Pulley's case retroactively on a challenge to a prior conviction under §2255. "[D]ecisions in the *Apprendi* sequence do not apply retroactively." *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005). *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court has "decided that other rules based on *Apprendi* do not apply retroactively on collateral review," and "[t]his implies that the Court will not declare *Alleyne* to be retroactive." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). The fact that the Supreme Court has not declared *Alleyne* to be retroactive leaves Pulley's §2255 argument based on *Alleyne* well outside the one-year limitations period for such a motion.

Both because Pulley's §2255 motion is untimely and because his arguments are without merit, Pulley is not entitled to any relief.

ACCORDINGLY:

Burnis Pulley's motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 [DE 48] is DENIED. The Clerk shall enter judgment accordingly.

**SO ORDERED**.

ENTERED: May 27, 2014

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT